Mark KOCH, Plaintiff–Appellant,

v.

James G. RICKETTS, Defendant–Appellee.

No. 92–16517.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 1996. \*

Decided April 29, 1996.

---

David B. Rosenbaum, Osborn Maledon, Phoenix, Arizona, for the plaintiff-appellant.

Thomas J. Dennis, Assistant Attorney General, Phoenix, Arizona, for the defendant-appellee.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Before: GOODWIN, WIGGINS and BRUNETTI, Circuit Judges.

GOODWIN, Circuit Judge:

This § 1983 action is one of several filed by Arizona state prisoners against their keepers following body cavity searches undertaken in 1984 by prison guards in response to an informant's statement that gunpowder and blasting caps may have been concealed in body cavities. All the cases except that of Mark Koch were disposed of in earlier litigation. See *Vaughan v. Ricketts,* 950 F.2d 1464 (9th Cir.1991) (*Vaughan II*). This is the fourth time parts of this case have been to this court. The first appeal affirmed the trial court's order denying a defense motion for summary judgment based on qualified immunity. See *Vaughan v. Ricketts,* 859 F.2d 736 (9th Cir.1988) *cert. denied,* 490 U.S. 1012, 109 S.Ct. 1655, 104 L.Ed.2d 169 (1989) (*Vaughan I*). We agreed that jury questions remained to be tried on Fourth, Eighth, and Fourteenth Amendment claims.

*Vaughan III* was an unpublished disposition rejecting the prison officials' argument that Koch's appeal was barred as untimely, and remanding the case to the trial court for consideration of the merits. At trial, the jury found for Koch on his claim that the search and post search acts and omissions violated his Eighth Amendment rights, but the jury also found that the prison officials were protected by qualified immunity.

Koch now argues that a verdict can not be permitted to stand if it purports to find on the one hand that a search was so egregiously bad as to be cruel and unusual punishment, but, on the other hand, that the officers conducting the search were protected by qualified immunity. A similar argument had been advanced by the plaintiffs in *Vaughan II, supra,* but had been limited to claims of Fourth Amendment violations.

In that appeal, the court reconciled the jury's finding of Fourth Amendment violations with its concurrent finding that the officials were protected by qualified immunity with respect to all plaintiffs except Koch. Koch, apparently, was the only plaintiff whose complaint had included an Eighth Amendment count. The *Vaughan II* panel expressly declined to reach the question whether its disposition of the unreasonable search (Fourth Amendment) claims applied equally to the cruel and unusual punishment claim pressed by Koch. Instead, the panel remanded the case for further consideration of a preliminary question whether Koch's case was time barred. As noted, that question has now been answered in Koch's favor and the question reserved in *Vaughan II* is now before this panel a dozen years after Koch was subjected to the exploration of his anal cavity described in the published opinions cited above, and which need not be further rehearsed at this time.

This court has already held, in *Vaughan I,* that the conduct of the officers was not protected by qualified immunity as a matter of law, leaving, by implication, the impression that the trial court should let the jury hear the testimony and then decide, upon appropriate instructions, whether or not qualified immunity applied as a matter of fact.

We now have the verdict, which the plaintiff claims is inconsistent, and which the defendants claims to be a vindication of the jury system. In *Vaughan II, supra,* the district court judgment was "affirmed in all other respects". The law of the case, then, appears to be that Koch has lost his case on unreasonable search because the jury could have found that the officials conducting the unreasonable search could have had a good faith belief, though wrong, that they had probable cause to search. The *Vaughan II* panel held, by not reaching the question, that Koch still had an Eighth Amendment jury question: (Was the search of Mark Koch and the post search conduct a violation of his Eighth Amendment rights?) That part of the question was answered by the jury in his favor.

The remaining question is whether the same jury could legally find that the officers had a good faith belief that the manner in which they conducted the cruel and unusual

search and their post search neglect of sanitary and medical concerns was protected by a good faith belief that they were acting reasonably, and thus entitled to qualified immunity. The argument about whether the verdict in Koch's case is inconsistent because of something peculiar to Eighth Amendment violations as distinguished from Fourth Amendment violations must be resolved before we decide whether there is to be a remand for further proceedings on the question of damages.

The *Vaughan II* panel must have considered whether, if the jury found that the manner of the search and the post search acts or omissions of the searching officers violated the Eighth Amendment, the jury could then find that qualified immunity protected the officers.

After scrutinizing the printed evidence of the deliberations of the *Vaughan II* panel, we are not persuaded that the court should apply to Koch's verdict the same kind of verdict-saving analysis it was able to apply to the Fourth Amendment violations. There the court said: "If conflicting evidence makes more than one reasonable decision possible, the panel must defer to the jury's choice." [Citation omitted.] *Vaughan II* at 1469. The court went on to hold that two choices were open to the jury because, on the Fourth Amendment claims, the jury could have found that the prison officers acted without probable cause to search, but had a good faith belief that they had probable cause, and thus could have found a search violation but it was protected by qualified immunity. That quest for two choices open to the jury does not apply with equal force to the Eighth Amendment violations. By the time the officers completed the conduct that the jury found to be "cruel and unusual" the element of probable cause to search had already run its course in the Fourth Amendment phase of the case and had no further application to the Eighth Amendment phase. *See Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992)(an Eighth Amendment deliberate indifference violation is inconsistent with a finding of qualified immunity).

We hold that the verdict, as to Koch's Eighth Amendment claim, was inconsistent.

The options which the *Vaughan II* court described as available to the jury in considering qualified immunity for the Fourth Amendment violations do not appear to have been available to the jury in considering the claim based on cruel and unusual punishment (sanitary and medical neglect) as distinguished from the questions of probable cause to search that were involved in the Fourth Amendment claims.

Accordingly, this case must be remanded again to the trial court for further proceedings.

REVERSED AND REMANDED.