107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wendell O. MEEKS, Plaintiff-Appellee,
v.
James H. GOMEZ; Eddie Myers, Warden; Dr. Blair,
Defendants-Appellants.
 No. 96-15625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wendell O. Meeks, a former California state prisoner at the Correctional Training Facility, Soledad, ("CTF") brought this action under 42 U.S.C. § 1983, contending that James Gomez, Director of the California Department of Corrections, Edward R. Myers, CTF's Warden, and Doctor Lawrence Blair, CTF's Chief Medical Officer, had violated his Eighth Amendment rights by refusing to accommodate his medically required dietary needs. The defendants' first motion for summary judgment was granted as to Gomez, but denied as to Blair and Myers. Blair and Myers filed a second motion for summary judgment and now timely appeal its denial. We affirm.
 
 JURISDICTION
 
 3
 Although our jurisdiction generally is limited to appeals from "final judgments" of the district courts, 28 U.S.C. § 1291, under the "collateral order doctrine" of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), "an otherwise unappealable order is considered 'final' and therefore appropriate for immediate review if it conclusively determines the disputed question, resolves an important issue completely separate from the merits, and would be effectively unreviewable on appeal from a final judgment." Armendariz v. Penman, 75 F.3d 1311, 1316 (9th Cir.1996) (en banc) (citations omitted).
 
 
 4
 Denial of a motion for summary judgment that is based on qualified immunity is within the collateral order doctrine and thus immediately appealable. Mitchell v. Forsyth, 472 U.S. 511 (1985); Armendariz, 75 F.3d at 1316. The scope of such an interlocutory appeal, however, is limited: although "we have jurisdiction to review the district court's decision that the defendants' alleged conduct violated clearly established law," Armendariz 75 F.3d at 1317, we lack "jurisdiction over 'questions about whether or not a record demonstrates a "genuine" issue of fact for trial,' " Chateaubriand v. Gaspard, 97 F.3d 1218, 1223 (9th Cir.1996) (quoting Johnson v. Jones, 115 S.Ct. 2151, 2158 (1995)). Thus, "[t]he only appealable issue 'is a purely legal one: whether the facts alleged ... support a claim of violation of clearly established law.' " Id. at 1221 (quoting Mitchell, 472 U.S. at 528 n. 9).
 
 
 5
 Defendants seek review of the district court's determination that the conduct attributed to them by the plaintiff, if proven at trial, would violate clearly established law. This issue is squarely within Mitchell, and thus we turn to the merits of defendants' appeal.
 
 ANALYSIS
 
 6
 The district court, finding genuine issues of material fact as to whether the plaintiff required a low-sodium diet and whether the defendants were deliberately indifferent to that need, twice denied defendants' motions for summary judgment on the merits. The court also denied defendants' second motion for summary judgment on qualified immunity grounds, reasoning that the factual dispute as to deliberate indifference precluded it from granting summary judgment on qualified immunity. We agree.
 
 
 7
 A public official cannot both be "deliberately indifferent"--i.e., consciously disregard a known, excessive risk to inmate safety, Farmer v. Brennan, 511 U.S. 825, 837 (1994)--and at the same time reasonably believe that his conduct conforms to clearly established law, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) ("Given the district court's determination that there is a triable issue as to deliberate indifference, the doctors were not entitled to summary judgment on the ground that they could reasonably have believed their conduct did not violate clearly established law."), cert. denied, 117 S.Ct. 584 (1996); Koch v. Rickets, 82 F.3d 317, 319 (9th Cir.1996); Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir.1992); Albers v. Whitley, 743 F.2d 1372, 1376 (9th Cir.1984) (deliberate indifference and qualified immunity are "mutually exclusive"), rev'd on other grounds, 475 U.S. 312 (1986).
 
 
 8
 The district court correctly concluded that the existence of a triable issue of fact as to deliberate indifference precluded granting defendants' motion for summary judgment on qualified immunity grounds.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3