133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael DOCKERY, Plaintiff-Appellant,
v.
Dr. BASS; Officer McDonald; Officer Reed; Officer
Alverado, Defendants-Appellees.
 No. 95-17250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997**
Dec. 17, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nevada state prisoner Michael Dockery appeals pro se the district court's dismissal of his complaint brought pursuant to 42 U.S.C. § 1983 against a prison doctor and three correctional officers. The complaint alleged that the defendants violated Dockery's Fourth, Eighth, and Fourteenth Amendment rights by subjecting 'him to two strip searches and by maliciously causing him pain through the excessive use of handcuffs and the forcible insertion of a tube up his anal cavity. We vacate the dismissal and remand for further proceedings.
 
 
 3
 The district court dismissed the complaint on two grounds: (1) that Dockery failed to file a response in opposition to the defendants' motion to dismiss and thus consented to dismissal under the district court's local rules; and (2) that the complaint failed to state a claim upon which relief could be granted warranting dismissal pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 * We review for an abuse of discretion the district court's dismissal pursuant to its local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam). Local Rule 7-2(d)[1] provides in relevant part:
 
 
 5
 The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.
 
 
 6
 The district court is required to weigh the following factors before dismissing an action pursuant to Rule 7-2(d):
 
 
 7
 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
 
 
 8
 Id.[2] Where, as here, the district court did not consider these factors explicitly, we review the record independently to determine whether the district court abused its discretion. Id., at 53-54.
 
 
 9
 The first two factors do not weigh heavily in favor of dismissal because the district court dismissed the case less than four months after the complaint was filed. Cf. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (concluding that the first two factors did weigh in favor of dismissal where the case had "dragged on for over a year and a half"). Regarding the third factor, there is no indication in the record that failing to dismiss the case would have prejudiced the defendants. Next, public policy favoring disposition on the merits weighs against dismissal. See Ghazali, 46 F.3d at 53. This factor weighs even more heavily against dismissal here because as discussed below the complaint did state a claim upon which relief could be granted.
 
 
 10
 Regarding the fifth factor, the court did have less drastic sanctions available. At no time did the court warn Dockery that he would risk dismissal if he failed to file a response to the motion to dismiss. Cf. Ferdik, 963 F.2d at 1261 ("a district court's warning that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives' requirement").
 
 
 11
 Moreover, the items Dockery did submit after the September 8, 1995 motion to dismiss indicate the opposite of "consent" to dismissal. In a letter to the court dated September 14, 1995, Dockery reasserted that "the Defendant's did violate my rights under the 8th and 14th Amendments;" asked the court to permit discovery in order "to show good cause that the allegations made in my Complaint are (TRUE);" offered a Supreme Court citation for the proposition that "Practices that involve unnecessary and unrestricted infliction of pain are prohibited;" and reiterated that "The Doctor and prison guards forced the object up my annus [sic]. This was extremely painful." On the same date, Dockery filed a "Motion Requesting Permission for (Discovery)."
 
 
 12
 Considering all of these circumstances and the factors set forth in Ghazali, we conclude that the district court abused its discretion by dismissing the complaint based on Dockery's failure to file points and authorities in response to the motion to dismiss.
 
 II
 
 13
 We review de novo the district court's dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997). Because Dockery is a pro se litigant, we must construe his complaint liberally. Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir.1996). We must vacate the dismissal unless it appears certain from the complaint that Ortez would not be entitled to relief. Id.
 
 
 14
 After the district court's decision in this case, we considered Fourth and Fourteenth Amendment challenges to a prisoner's strip search in Thompson v. Souza, 111 F.3d 694 (9th Cir.1997). We noted that " '[v]isual body cavity searches conducted after contact visits as a means of preventing prisoners' possession of weapons and contraband, even absent probable cause, have been found reasonable by the Supreme Court.' " Id., 111 F.3d at 700, quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.1988). But we also noted "that not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Id. In reviewing the denial of summary judgment based on qualified immunity, we applied a reasonableness test, noting that:
 
 
 15
 The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place which it is conducted.
 
 
 16
 Id., at 700, quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979).
 
 
 17
 Here, we review only the allegations of the complaint, and we cannot say with certainty that the facts, as alleged, do not amount to (1) an unreasonable invasion of Dockery's right to privacy in violation of the Fourth Amendment, (2) the type of "brutality or force" that constitutes a violation of the Fourteenth Amendment's due process clause, see id., at 701, or "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1 (1992) (holding that the use of excessive physical force against prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury); see also Koch v. Ricketts, 82 F.3d 317, 318 (acknowledging that prison guards' conducting a body cavity search could in certain circumstances violate an inmate's Eighth Amendment rights).
 
 
 18
 Indeed, in rejecting Fourth and Fourteenth Amendment strip search claims in Thompson, we specifically noted that the allegations there "did not involve any touching," id., at 700-01, much less anything that amounted to "brutality or force." Id., at 701. Here, the complaint alleges that the defendants handcuffed Dockery excessively, dragged him while handcuffed from the visiting area to the infirmary, and forcibly inserted a tube into his anus after asking him "is it going to be the easy way or the hard way?" In light of these allegations, we cannot say with certainty that Dockery's complaint affords no set of facts which would entitle him to relief under the Fourth, Eighth, and Fourteenth Amendments.
 
 
 19
 VACATED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the district court did not specify the local rule it was applying, it presumably applied Rule 7-2(d)
 
 
 [2]
 Ghazali applied District of Nevada Local Rule 140-6, which was the identical predecessor to Local Rule 7-2(d)