Robert T. ORTEZ, Sr., Plaintiff–Appellant,

v.

WASHINGTON COUNTY, STATE OF OREGON; John Junkin, County Attorney; Michelle Barrerr, County Attorney; Charles Cameron, County Administrator; and Susan Wilson, County Supervisor, Defendants–Appellees.

No. 94–36036.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1996.*

Decided July 8, 1996.

---

* The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Robert T. Ortez, Cornelius, Oregon, pro se.

Robert A. Bianchi, Office of Washington County Counsel, Hillsboro, Oregon, for defendants-appellees.

Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.

REINHARDT, Circuit Judge:

This appeal arises from appellant Ortez's pro se suit against his former employer, Washington County, and several county officials. On appeal, Ortez challenges the district court's dismissal with prejudice of his Title VII claims, as alleged in his fourth amended complaint, and his 42 U.S.C. § 1983 claims, as alleged in his third amended complaint.

## BACKGROUND

Ortez was terminated by his employer, the Washington County Department of Housing Services. He filed a complaint, naming Washington County and ten county employees—Henry Alvarez, Housing and Tenant Service Manager; Michelle Burrows, County Counsel; Charles Cameron, County Administrator; Bob Dies, Director of Support Services; Donna Fowler, County Personnel Analyst; Darlene Girad–Hanson, Public Housing Management Officer; Bonnie Hays, County Chairperson; John Junkin, County Counsel; Susan Wilson, Housing Services Director; and Sandy Zodrow, County Personnel Manager—as defendants. He subsequently filed two amended complaints naming the same parties. The defendants moved to dismiss the second amended complaint under Fed. R.Civ.P. 12(b)(6) for failure to state a claim. The district court granted the defendants' motion, dismissing all claims but giving Ortez leave to amend his complaint as to those claims dismissed without prejudice—his claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, which were dismissed without prejudice for failure to state a claim, and his Title

VII claims, which were dismissed without prejudice for failure to allege a prima facie case.

Ortez filed a third amended complaint alleging, *inter alia,* claims under Title VII for disparate treatment and retaliation and a variety of claims under § 1983. The defendants again moved to dismiss under Fed. R.Civ.P. 12(b)(6). The district court again granted the defendants' motion, dismissing the § 1983 claims with prejudice for failure to correct the deficiencies it had found in the second amended complaint and dismissing with prejudice all the Title VII claims except the one against Washington County. The district court gave Ortez leave to amend his Title VII claim against Washington County to allege (1) a causal connection between his national origin and his firing, (2) damages suffered as a result of his discharge, and (3) the relief sought.

Ortez's fourth amended complaint contained an amended Title VII claim against Washington County. Defendants again moved to dismiss. The district court granted the motion and dismissed the remaining Title VII claim because it concluded that Ortez had again failed to establish a causal connection between his national origin and the adverse employment actions he alleged. His appeal is limited to the district court's dismissal of his Title VII and § 1983 claims.

## DISCUSSION

■ We review *de novo* dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Franceschi v. Schwartz,* 57 F.3d 828, 830 (9th Cir.1995). We must reverse the dismissals Ortez appeals unless it appears certain that he would not be entitled to relief under any state of facts he could prove. *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984). Because Ortez is a pro se litigant, we must construe liberally his inartful pleading, *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987); thus, we must decide whether it appears beyond doubt that he "can prove no set of facts in support of his claim which would entitle him to relief,"

*Jones,* 733 F.2d at 649 (citation omitted), even when his claims are liberally construed.

### I. Statute of Limitations

■ Defendants argue that Ortez failed to file his claim with the district court within the 90–day period mandated by law. When the Equal Employment Opportunity Commission (EEOC) dismisses a claim, it must notify the claimant and inform him that he has 90 days to bring a civil action. *Scholar v. Pacific Bell,* 963 F.2d 264, 266–67 (9th Cir.), *cert. denied,* 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). If the claimant does not file within this 90–day period, the action is barred. *Id.* The district court held that Ortez had complied with the 90–day limit.

■ The 90–day period runs from the date that notice of the right to sue is given to the claimant. We have held that the claimant need not actually receive the notice himself and that the period ordinarily begins to run upon receipt of a right-to-sue letter at the appellant's mailing address.[1] *Scholar,* 963 F.2d at 267. Ortez filed his complaint on August 2, 1993, 94 days after April 30, 1993, the day on which the letter was apparently mailed. Based on the fact that the right-to-sue letter was apparently mailed on a Friday, the district court concluded that Ortez would not have received it until the following week. Because the 90–day period would then have ended on a weekend, the district court held that Ortez's Monday filing was timely. Defendants have not contested that holding.

■ However, defendants contend that Ortez failed to set forth his Title VII claims until his second complaint, well after the allotted time for filing a timely claim had expired. The district court found that Ortez's first complaint, which stated that "I am filing under title 7 Civil Rights Act of 1964" sufficiently set forth a Title VII claim despite the defectiveness of the pleading. We affirm this holding as well because, having been adequately referenced in his original complaint, Ortez's Title VII claims were not barred by the statute of limitations.

---

1. A right-to-sue letter is the letter informing a claimant of the EEOC's dismissal of his claim and the 90–day statute of limitations to file a civil action.

## II. Title VII Claims

■ The district court dismissed Ortez's Title VII claims against the ten individual defendants based on the fact that his EEOC complaint "named only Washington County."[2] Defendants not named in the EEOC complaint can be sued under Title VII where such individuals should have anticipated being named in a Title VII action arising from the complaint. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir.1990). We made this clear in *Sosa* when we observed:

> "Title VII charges can be brought against persons not named in an E.E.O.C. complaint as long as they were involved in the acts giving rise to the E.E.O.C. claims." Further, where the EEOC or defendants themselves "should have anticipated" that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge.

*Id.* at 1458–59 (internal citations omitted).

■ Thus, the district court erred in dismissing the claims against the individual defendants on the ground that they were not named in the EEOC complaint. Even though the district court dismissed the Title VII claims against the ten individual defendants for the wrong reason, we affirm the dismissal of those claims because employees cannot be held liable in their individual capacities under Title VII. *See Miller v. Maxwell's International Inc.*, 991 F.2d 583 (9th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). However, we conclude that Ortez did state a Title VII claim against defendants Alvarez, Burrows, Cameron, Dies, Fowler, Hays, Junkin, Wilson, and Zodrow in their official capacities and against Washington County under the theory of respondeat superior.

### A. Disparate Treatment Claim

The district court dismissed Ortez's Title VII disparate treatment claim against Washington County on the ground that the complaint "failed to establish a causal connection between his national origin and his discharge." This dismissal was in error.

■ In his fourth amended complaint, Ortez contends that, because of his national origin, the individual defendants required him to comply with different terms and conditions of employment than were required of his non-Mexican-American co-workers. He alleges that defendant Alvarez failed to inform him of a new system of recording housing inspections. He also alleges that defendants Alvarez, Fowler, and Junkin developed new policies regarding performance evaluations and new policies regarding job duties and the assignment of responsibilities that were directed at him because of his Mexican-American origin; that these defendants required him to satisfy conditions not required of non-Mexican-American employees in order to return to work following a medical leave; and that they imposed performance standards on him that were not imposed on non-Mexican-American employees. Ortez also states in his fourth amended complaint that these actions were taken with the knowledge and consent of defendants Junkin, Hays, Cameron, Dies, and Zodrow. He also notes that he reported this disparate treatment to defendants Wilson, Junkin, Fowler, Dies, Alvarez, Cameron, Burrows, and Hays. Ortez also alleges that he was replaced by a less qualified and less experienced non-Mexican-American employee after his termination.

■ Instead of requiring only that Ortez set forth a short and plain statement of his Title VII discrimination claim showing that he was entitled to relief, the district court required him to establish a prima facie case of discrimination. However, a plaintiff need not make a prima facie showing to survive a motion to dismiss provided he otherwise sets forth a short and plain statement of his claim showing that he is entitled to relief. *Sosa*, 920 F.2d at 1460.

Assuming that Ortez's allegations are true, they show that Washington County and defendants Alvarez, Burrows, Cameron, Dies,

---

**2.** The district court expressed its willingness to reconsider the dismissal of the Title VII claim against the individual defendants should Ortez inform the court that other defendants were named in the complaint. Because it dismissed Ortez's Title VII claim entirely in its next opinion and order, the court did not consider the issue again.

Fowler, Hays, Junkin, Wilson, and Zodrow engaged in a course of conduct intentionally designed to force him from his job on the basis of his national origin. These allegations adequately set forth a Title VII disparate treatment claim. Accordingly, the district court erred in dismissing that part of Ortez's complaint.

### B. Retaliation Claim

■ The district court also dismissed Ortez's Title VII retaliation claim on the ground that he failed to show a causal connection between his discharge and his protected activities. This dismissal was also erroneous.

According to Ortez's fourth amended complaint, defendant Alvarez, with the knowledge and consent of defendants Wilson and Junkin, retaliated against him for testifying "to the U.S. Department of Housing and Urban Development (HUD) regarding civil rights complaints filed against Washington County" in July 1992, for testifying before the "Worker's Compensation Board regarding a workers compensation claim filed against Washington County by Robert Sandoval" in August 1992, for requesting procedures for filing a complaint against Alvarez on or about December 9, 1992, and for inquiring about the substance of Alvarez's investigation of him and about the rules and regulations governing the investigation and the issues under investigation on or about December 10, 1992.

Ortez makes a general accusation of retaliation followed by a chronology of events detailing how adverse action against him followed incidents in which he challenged his supervisors. For example, Ortez describes how Alvarez, with the knowledge and consent of Wilson and Junkin, falsely accused him of graft on or about December 10, 1992, shortly after he requested information from Alvarez on how to file a discrimination complaint. He also alleges that in July 1992, after he testified at the Department of Housing and Urban Development hearing, Alvarez, with the knowledge and consent of Wilson and Junkin, ordered another employee to follow him and otherwise confirm his whereabouts during the day,[3] and that during that same month Alvarez and Wilson, with the knowledge and consent of Junkin, Hays, Cameron, Dies, and Zodrow, refused to conduct performance evaluations of him. Ortez sufficiently alleges a causal connection between the actions taken by the defendants and a desire to retaliate against him for engaging in activities protected by Title VII.

By alleging that he engaged in protected activities of which his supervisors were aware shortly before they took adverse employment actions, Ortez sufficiently alleges that his supervisors' actions were retaliatory in nature. *See Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987) (stating that causation may be inferred from circumstantial evidence), *cert. denied, Yartzoff v. Reilly,* 498 U.S. 939, 111 S.Ct. 345, 112 L.Ed.2d 309 (1990). Thus, Ortez's allegations suffice to set forth a claim upon which relief could be granted. *Id.* Accordingly, we hold that the district court erred in dismissing his Title VII retaliation claim.

### III. Section 1983 Claims

### A. Against Individual Defendants

■ The district court dismissed Ortez's 42 U.S.C. § 1983 claims against the individual defendants for failure to allege specific facts linking each defendant to a § 1983 violation. We conclude that the dismissals of the claims against defendants Burrows, Cameron, Dies, Fowler, Girad–Hanson, and Zodrow were proper because Ortez failed to allege that those defendants knew of or participated in activities connected to the alleged § 1983 violations. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (stating that defendants are liable under section 1983 upon showing of personal participation and that supervisors are liable for the constitutional violations of their subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them"). However, we also conclude that the dismissals of the claims against defendants Alvarez, Wilson, Junkin, and Hays were in error. *Id.*

---

**3.** According to Ortez, he was the only employee subjected to this extreme supervision.

Ortez's allegations are specific as to individual defendants Alvarez, Wilson, Junkin, and Hays. In his third amended complaint, he alleges that defendant Alvarez refused to tell him the procedures for filing a complaint against him. He also alleges that Alvarez and defendant Hays refused to give him information on Alvarez's alleged investigation of him and refused to give him copies of the rules and regulations governing the investigation and the issues under investigation. In addition, Ortez alleges that Alvarez, with the knowledge and consent of defendants Wilson and Junkin, "refused to make available the information that would give [him][the] opportunity to mount a defense against false allegations [of graft] concocted by Defendants Alvarez, Wilson, and Junkin" and that these three defendants attempted to intimidate him into admitting to the wrongdoing. We conclude that Ortez has sufficiently alleged section 1983 violations by individual defendants Alvarez, Wilson, Junkin, and Hays.

To make out a cause of action under section 1983, the plaintiff must plead that (1) the defendants acting under color of state law (2) deprived him of rights secured by the Constitution or federal statutes. *Gibson M. v. United States,* 781 F.2d 1334, 1338 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987); *Evans v. McKay,* 869 F.2d 1341, 1347 (9th Cir.1989); *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir.1988). Defendants do not contest the fact that as state employees acting within the scope of their job duties, they acted under color of state law. Thus, in order to set forth a sufficient complaint, Ortez need only allege that the individual defendants deprived him of rights secured by the Constitution or federal statutes. To survive the motion to dismiss, he is required to allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice of the type of claim being pursued.

*Jones,* 733 F.2d at 649. Ortez's allegations were sufficiently particular.

Construed liberally, Ortez's complaint sufficiently sets forth a claim that his discharge violated § 1983 by depriving him of his due process and First Amendment rights. He contends that he has a property interest in continued employment and a liberty interest in not being defamed, *see Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1044 (9th Cir.1994) (stating that "[d]ischarge assumes constitutional dimension when the employee has a property interest in continued employment, or a liberty interest in not being defamed, as a result of which [ ]he may not be terminated without due process"); *see also Cooper v. Dupnik,* 924 F.2d 1520, 1532 (9th Cir.1991), *aff'd,* 963 F.2d 1220 (9th Cir.) (en banc), *cert. denied,* 506 U.S. 953, 113 S.Ct. 407, 121 L.Ed.2d 332 (1992); *Brady v. Gebbie,* 859 F.2d 1543, 1547–48, 1552 (9th Cir. 1988), *cert. denied,* 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989). He also sufficiently alleges a denial of due process, claiming he was not afforded the opportunity to be heard in a meaningful manner. *Id.* at 1554 (stating that "[a]t a minimum, due process requires notice and a hearing where the individual has a meaningful opportunity to confront the evidence against him"); *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Ortez's allegations, including the allegation that defendants refused to provide him with the information upon which the charges of graft were based, set forth a sufficient claim that he was denied a meaningful opportunity to refute the charges against him and to clear his name. *Brady,* 859 F.2d at 1554. While further discovery may reveal that, when considered in their totality, the procedures available to him did provide him with ample opportunity to be heard and confront the evidence against him, his complaint sets forth allegations that, if proven, would entitle him to relief.[4]

Moreover, Ortez's complaint sufficiently alleges that the defendants' conduct was moti-

---

4. Ortez's fourth amended complaint describes in greater detail the procedures leading up to his dismissal. Our review of the district court's decision must be limited, however, to considering the information before the district court at the time it dismissed the § 1983 claims. Because appellant's § 1983 claims were dismissed with prejudice as set forth in his third amended complaint, our analysis is limited to the allegations contained in that complaint.

vated by an intent to retaliate for his exercise of his constitutionally protected right to free speech. *Thomas v. Carpenter*, 881 F.2d 828, 829–30 (9th Cir.1989) (holding that a public employee's complaint alleging that the defendant acted with an intention of retaliating against him for speaking on matters of public concern states a first amendment § 1983 claim), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1475, 108 L.Ed.2d 612 (1990). Ortez contends that the defendants accused him of graft, had him followed, and refused to evaluate him in retaliation for 1) his testifying at the Department of Housing and Worker's Compensation Board hearings and 2) his meeting with labor union representatives for the purpose of combatting harassment, retaliation, and discrimination by Washington County supervisors.

■■■ On the other hand, Ortez's § 1983 claims alleging violations of the Freedom of Information Act, the Privacy Act and the Whistleblower Act were properly dismissed because those statutes apply only to the federal government.[5] Likewise, the district court properly dismissed his § 1983 claims alleging that the defendants violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act because Ortez never alleged a disability.

*B. Against Washington County*

■■■ The district court dismissed Ortez's § 1983 claim against Washington County because he did not make a showing that Washington County participated in the alleged conduct. We conclude that this dismissal was proper. A local government entity cannot be held liable under § 1983 unless the plaintiff alleges "that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986). Ortez's complaint fails to meet even this limited requirement for alleging a claim of municipal liability. *Karim–Panahi*, 839 F.2d at 624 (claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if

the claim is based on nothing more than a bare allegation that the actions of individual municipal employees conformed to official policy, custom, or practice). Nowhere in the section of his third amended complaint alleging violations of section 1983 does he make even a conclusory allegation that defendants' actions flowed from a Washington County policy, custom, or practice.

## CONCLUSION

We affirm the district court's finding that Ortez's Title VII claims are not barred by the statute of limitations. We likewise affirm the district court's dismissal of the Title VII claims against individual defendant Girad–Hanson in all her capacities and its dismissal of the other nine individual defendants in their individual capacities. However, we reverse the district court's dismissal of the Title VII claims against those nine defendants in their official capacities and against Washington County. We also reverse the dismissal of Ortez's § 1983 claims against individual defendants Alvarez, Wilson, Junkin, and Hays for deprivation of his First Amendment and due process rights. Finally, we affirm the dismissal of Ortez's remaining § 1983 claims, including those against Washington County and individual defendants Burrows, Cameron, Dies, Fowler, Girad–Hanson, and Zodrow.

The parties shall bear their own costs on appeal.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

**5.** *See* 5 U.S.C. §§ 551 and 552 (Freedom of Information Act and Privacy Act). The Whistleblower Act is an addition to Title 5, which applies only to the federal government. *See* 5 U.S.C. § 1213.