103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry E. BELTON, Sr., Plaintiff-Appellant,
v.
The DOW CHEMICAL COMPANY; Scott B. Wheeler; Veterans
Administration; United States Department of
Defense, Defendants-Appellees.
 No. 96-15447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry E. Belton Sr., a California state prisoner, appeals pro se the district court's dismissal of his products liability claim against the Dow Chemical Company and Scott B. Wheeler as frivolous pursuant to 28 U.S.C. § 1915(d) and the dismissal of his claims against the Veterans Administration ("VA") and the United States Department of Defense ("DOD") for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Belton sought damages for injuries he suffered due to exposure to the defoliant Agent Orange while he was on active military duty in Vietnam. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's dismissal pursuant to 28 U.S.C. § 1915(d) for abuse of discretion. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We review de novo a district court's Fed.R.Civ.P. 12(b)(1) dismissal, Sahni v. American Diversified Partners, 83 F.3d 1054, 1057 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3323 (U.S. Oct. 16, 1996) (No. 96-608), and a district court's Fed.R.Civ.P. 12(b)(6) dismissal, Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir.1996).
 
 
 4
 Belton contends that the district court abused its discretion by dismissing his claims against Dow and Wheeler as frivolous. This contention lacks merit.
 
 
 5
 California's statute of limitations for products liability is one year from when a reasonable person is on "inquiry notice" of the potential defect. See Cal.Code Civ.Proc. § 340(3); Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir.1994). Here, Belton learned that Dow manufactured Agent Orange sometime before 1983. Because he did not file his action until 1994, Belton's claim is time-barred. See Ward, 32 F.3d at 1407. Accordingly, the district court did not abuse its discretion by dismissing Belton's claim against Dow and Wheeler pursuant to 28 U.S.C. § 1915(d). See Trimble, 49 F.3d at 584.
 
 
 6
 Belton further contends that the district court erred by dismissing his tort and 42 U.S.C. § 1983 claims against the VA and the DOD for lack of subject matter jurisdiction and for failure to state a claim. This contention lacks merit.
 
 
 7
 First, the government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950); see also 28 U.S.C. §§ 2401(b) & 2765(a). Here, Belton's claims that he was negligently exposed to Agent Orange and negligently treated for such exposure during his military service, are barred by the Feres doctrine. See Feres, 340 U.S. at 146. Moreover, because Belton failed to allege an "independent post-service negligent act" on the part of the VA, his claims that the government failed to warn him of the dangers of exposure to Agent Orange and failed to properly treat him after his discharge from the military stem from claims which arose while Belton was on active military duty and are, therefore barred by Feres. See id.; cf. Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir.), cert. dismissed, 473 U.S. 934 (1985).
 
 
 8
 Second, 42 U.S.C. § 1983 authorizes a cause of action for deprivations of federally protected rights by persons acting under color of state law. Price v. Hawaii, 939 F.2d 702, 708 (9th Cir.1991), cert. denied, 503 U.S. 938 (1992). Because Belton makes allegations against federal entities, his claims are properly analyzed under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). A plaintiff, however, cannot plead a Bivens action against a federal agency. FDIC v. Meyer, 114 S.Ct. 996, 1006 (1994). Because Belton did not name any individual federal officers in his complaint, the district court did not err by dismissing his action for failure to state a claim. See id.; Ortez, 88 F.3d at 807.
 
 
 9
 Third, to the extent Belton contests the amount of his VA benefits, this court lacks jurisdiction over his claim. See Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir.1989). If Belton wishes to seek judicial review of the final decision of the Court of Veterans Appeals, he must take an appeal to the Court of Appeals for the Federal Circuit. See 38 U.S.C. § 7292(c). Accordingly, the district court did not err by dismissing Belton's claim for VA benefits for lack of subject matter jurisdiction. See Sahni, 83 F.3d at 1057.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We grant Belton's motion to file a late reply brief and excerpts of record
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Belton did not raise his Eighth Amendment claim in his opening brief, we need not consider it. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986), cert. denied, 494 U.S. 1056 (1990). We note, however, that the Eighth Amendment applies only to actions that occur following a criminal conviction. Ingraham v. Wright, 430 U.S. 651, 664, 666 (1977); Pierce v. Multnomah County, 76 F.3d 1032, 1042 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3001 (U.S. June 24, 1996) (No. 95-2062). Because Belton is now incarcerated in state prison as a result of a state conviction, he cannot allege that the federal defendants had any involvement in his confinement