103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jasmine BENJAMIN-SOHAL, Plaintiff-Appellant,
v.
PACIFIC BELL; Michael Ratener, Dr.; Irene Sardanis, Dr.;
Communication Workers of America--Local 9415;
Molly Wetzel; Bella Vista Crime Watch
Group, Defendants-Appellees.
 
 No. 95-17200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jasmine Benjamin-Sohal appeals pro se the district court's dismissal for failure to state a claim in her action against Pacific Bell, Dr. Ratener, Dr. Sardanis, and the Communications Workers of America, Local 9415 ("Local 9415"). Benjamin-Sohal sought damages for several causes of action[1] including Local 9415's alleged breach of its duty of fair representation pursuant to § 301 of the Labor Management Relations Act (29 U.S.C. § 185). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's Fed.R.Civ.P. 12(b)(6) dismissal, Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir.1996), and affirm.
 
 
 3
 Insofar as Benjamin-Sohal contends that Local 9415 breached its duty of fair representation, this contention lacks merit.
 
 
 4
 As a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing a breach of the collective bargaining agreement. See Clayton v. Automobile Workers, 451 U.S. 679, 681 (1981).[2] This requirement applies to claims brought against a union for breach of the duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 184-85 (1967). "A union breaches [the duty of fair representation] if its actions in resolving a union member's claim are 'arbitrary, discriminatory, or in bad faith' toward that member." Herman v. Carpenters Local 971, 60 F.3d 1375, 1380 (9th Cir.1995) (citation omitted). "This standard may be met when the union 'arbitrarily ignores a meritorious grievance or processes it in a perfunctory fashion.' " Id.
 
 
 5
 Here, Benjamin-Sohal claims that Local 9415's actions were arbitrary, discriminatory or taken in bad faith because they failed to file two grievances, failed to investigate the connection between Pacific Bell and Bella Vista, and failed to advise her of the six-month statute of limitations period to file a claim under section 301. See id. Accordingly, the district court did not err in determining that Local 9415 did not breach its duty of fair representation.
 
 
 6
 To the extent that Benjamin-Sohal contends that the court erred because it did not excuse her failure to establish a breach of the duty of fair representation by Local 9415 under the futility doctrine, that the district court erred in failing to apply the "delayed discovery rule" to her claims of medical malpractice, negligence and conspiracy to defraud, and that the district court erred in failing to join the Bella Vista Crime Watch Group as an indispensable party before dismissing her action, this court does not consider these contentions because they are raised for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 7
 Finally, because Benjamin-Sohal does not mention an equitable tolling argument in her appellate brief, this argument is deemed abandoned on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Benjamin-Sohal sought damages against Pacific Bell for constructive wrongful termination, deceit, fraudulent concealment of facts, and conspiracy to defraud. Benjamin-Sohal sought damages against Dr. Sardanis and Dr. Ratener for malpractice
 
 
 [2]
 An employee whose employment is governed by a collective bargaining agreement may not maintain an action to enforce an employment contract independent of the collective bargaining agreement. State law claims for wrongful discharge are preempted, whether they are cast as contract claims or tort claims. Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997-999 (9th Cir.1987)