117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terrence Lenon Ellis, Plaintiff-Appellant,
v.
James GOMEZ; D.M. BARNES; J.L. GUILES; J. DRESBAUCH; P
in her official and individual capacity as a Correctional
Counselor I; D. CRIPPEN; M.A. HODGE; W. SUGLICH; M.
STEELE; P. RAMOS; K. CRUSE; R.E. HOLMES; A.D. GUARACHA;
E.A. CONTREAS; F. YOUNG; G. GRANISH; C. CENDEJAS; L.
TORRES; F.W. MITCHELL,
 No. 96-56204.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 24, 1997.
 
 1
 Appeal from the United States District Court for the Southern-District of California; No. CV-94-00628-JSR; John S. Rhoades, District Judge, Presiding.
 
 
 2
 Before: GOODWIN, SCHROEDER, and TASHIMA, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Terrence Lenon Ellis, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 civil rights action. Ellis alleged that prison officials: (1) denied him due process during his prison disciplinary proceedings; (2) retaliated against him by issuing false disciplinary reports and denying him library access; (3) denied him access to the courts by limiting his access to the law library; and (4) denied him due process during his parole hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert denied, 116 S.Ct. 1261 (1996), and we affirm.
 
 I. DUE PROCESS
 
 5
 Ellis contends that prison officials violated his due process rights during a prison disciplinary hearing which resulted in the loss of good-time credits.[1]
 
 
 6
 As a threshold matter, we must determine whether Ellis' due process claim is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck precludes a section 1983 claim if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the sentence or conviction has previously been invalidated. See Edwards v. Balisok, No. 95-1352, 1997 WL 255341, at * 2 (U.S. May 19, 1997). Thus, we must determine whether the procedural defects Ellis alleges would necessarily imply the invalidity of the deprivation of his good-time credits. See id. at * 3.
 
 
 7
 Here, Ellis alleged that defendants violated his due process rights by failing to give him a copy of the rules violation report before the hearing. Ellis' claim would, if established, necessarily imply the invalidity of the deprivation of his good-time credits. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974) (inmate must be given advance notice of violation at least twenty-four hours before hearing). Thus, Ellis' claim is barred by Heck. See Balisok, 1997 WL 255341, at * 3-4. Accordingly, we affirm the district court's judgment on this ground.
 
 II. OTHER CLAIMS
 
 8
 The district court's grant of summary judgment with regard to Ellis' other claims is affirmed for the reasons stated in the district court's order filed on July 2, 1994.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ellis also alleged due process violations with regard to two other disciplinary proceedings neither of which resulted in the loss of any credits
 
 
 [2]
 To the extent Ellis contends that the district court erred by not addressing his claim that his equal protection rights were violated during his parole hearing, the contention lacks merit. First, Ellis failed to mention this claim in his amended complaint. See Ortez v. Washington County, 88 F.3d 804, 810, n. 4 (9th Cir.1996) (considering only claims contained in amended complaint). Second, such a claim would be barred by Heck in any event. See Heck, 512 U.S. at 487
 
 
 [3]
 On appeal, Ellis also contends that the district court erred in several rulings prior to granting summary judgment. We have reviewed the record and conclude that Ellis' contentions are meritless. See generally Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) ("District courts have the inherent power to control their dockets")