145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lazarus KIPKIRWA, Plaintiff-Appellant,
v.
SUPERIOR COURT FOR THE STATE OF CALIFORNIA, County of Santa
Clara; Peter G. Stone, Judge; Joseph Biafore, Judge; John A.
Flaherty, Judge; Richard Turrone, Judge; Read Ambler, Judge;
Mary Jo Levinger, Judge; Ronald Whyte; Judge; Zoe Lofgren;
Steven Woodside; Susan Branch; Barbara Choi; Linda Deacon;
Shivaun Nurre; James Rumble; Eric Shiu; Gregg Mccurdy;
Sylvia Gallegos; Jennifer Renzo; William Simmons,
Defendants-Appellees.
 No. 97-15357.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Northern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Submitted May 14, 1998**
 
 WILLIAMS, Senior J. Presiding
 
 3
 Lazarus Kipkirwa appeals pro se the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B) of his civil rights action alleging that state and federal judges, city and county attorneys and employees, and his former attorney violated his rights under the Fifth, Seventh and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal for an abuse of discretion, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and we affirm.
 
 
 4
 The district court properly dismissed Kipkirwa's claims against the state and federal judges on the basis of absolute immunity. See Mullis v. United States Bankr.Court, 828 F.2d 1385, 1388-89 (9th Cir.1987) (stating that judges are entitled to absolute immunity from civil liability for damages).
 
 
 5
 The district court also properly dismissed Kipkirwa's claims against the city and county attorneys on the basis of absolute immunity. See Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991) (stating that if a government attorney is performing acts intimately associated with the judicial phase of litigation, the attorney is entitled to absolute immunity from liability for damages).
 
 
 6
 The district court properly dismissed Kipkirwa's claims against the remaining defendants because Kipkirwa either only listed them as defendants in the caption or failed to allege any specific facts tying their conduct to a constitutional violation. See Ortez v.. Washington County, 88 F.3d 804, 809 (9th Cir.1996) (stating that a § 1983 plaintiff must allege specific facts linking each defendant to a violation).
 
 
 7
 We reject Kipkirwa's unsupported assertion that his action was dismissed because the district judge was biased against him, See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
 
 
 8
 We deny Kipkirwa's motion to consolidate appeal nos. 97-15305, 97-15310 and 97-15357.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny appellant's request for oral argument