145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lazarus KIPKIRWA, Plaintiff-Appellant,
v.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA; Judge James Ware; Ronald Davis; Joseph Biafore;
John Flaherty; Peter Stone; Todd Boley; Sylvia Gallegos;
Walter Harrington; And Marguerite Waggener, Defendants-Appellees.
 No. 97-15305.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Northern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Submitted May 14, 1998**
 
 WILLIAMS, Senior J. Presiding
 
 3
 Lazarus Kipkirwa appeals pro se the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B) of his civil rights action against federal and state court judges and clerks, a Santa Clara County deputy county counsel and an administrative aide for the Santa Clara County Board of Supervisors. We have jurisdiction pursuant to 28 U.S .C. § 1291. We review the dismissal for an abuse of discretion, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and we affirm.
 
 
 4
 The district court properly dismissed Kipkirwa's claims against the federal and state judges, the clerks and the deputy county counsel because these defendants are entitled to absolute immunity. See Mullis v. United States Bankr.Court, 828 F.2d 1385, 1388-90 (9th Cir.1987) (stating that judges are entitled to absolute judicial immunity from civil liability for damages and that court clerks have absolute quasi-judicial immunity from civil liability for damages when they perform tasks that are an integral part of the judicial process); see also Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991) (stating that if a government attorney is performing acts intimately associated with the judicial phase of litigation, the attorney is entitled to absolute immunity from civil liability for damages).
 
 
 5
 The district court properly dismissed Kipkirwa's claims against the administrative aide on the ground that Kipkirwa failed to allege specific facts linking her conduct to any constitutional violation. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir.1996) (stating that a § 1983 plaintiff must allege specific facts linking each defendant to a violation).
 
 
 6
 We deny appellant's motion to consolidate appeal nos. 97-15305, 97-15310 and 97-15357.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny appellant's request for oral argument