Usha VISWANATHAN, Plaintiff–Appellant,

v.

LELAND STANFORD JUNIOR UNIVERSITY, a non-profit corporation; Stanford Law School, a subdivision of Leland Stanford Jr. University; Stanford Law School Career Services Office, a subdivision of Stanford Law School; Cooley Godward, a limited liability partnership; Gloria Pyszka, an individual; Jeffrey S. Zimman, an individual, Defendants–Appellees.

Nos. 98–17315, 99–16028.

D.C. No. CV–97–20874–JF/PVT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2000.[1]

Decided Jan. 9, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM [2]

Attorney Usha Viswanathan appeals pro se 1) the district court's summary judgment against her on claims she brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Unruh Act, California Civil Code § 51; 2) the district court's denial of Ms. Viswanathan's Rule 56(f) motion for additional discovery; and 3) the district court's order granting in part Stanford's motion for an award of attorneys' fees. Viswanathan is a graduate of Stanford Law School ("Stanford") who sued Stanford, Stanford's Career Services Office and its director Gloria Pyszka (collectively, "Stanford Defendants"), Cooley Godward LLP ("Cooley") and Cooley attorney Jeffrey Zimman after she failed to obtain employment with a private law firm. As the parties are familiar with the facts of this case, we do not recite them here.

### DISCUSSION

A. Statute of Limitation.

Viswanathan was required to file her administrative charge with the EEOC within 300 days from the date of the al-

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

leged discriminatory act. 42 U.S.C. § 2000e–5(e) (2000). A claim for discrimination accrues upon notice of the unlawful act. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 593 (9th Cir.1981). Viswanathan testified that she "put all the pieces together" as to the "discriminatory behavior" when she graduated from Stanford in June 1994.

Reasoning that commencement occurred, at the latest, by June 30, 1994, the district court held that Viswanathan's action is time-barred because her administrative complaint was filed some 495 days after she recognized the alleged discriminatory conduct. To avoid this result, Viswanathan contends that "when" she graduated refers to her post-graduation interactions with Pyszka, which took place from February to November 1995.

Viswanathan's post-hoc interpretation of her own testimony is insufficient to present a triable issue regarding the timeliness of her claim. In fact, it is directly contrary to her argument that Stanford had "constructive notice" of its discrimination against her while she was student. Viswanathan fails to explain why *she* did not have notice of discrimination which allegedly occurred during law school until eight months after graduation.

■ The continuing violations doctrine does not save Viswanathan's claim. It applies when a plaintiff shows either 1) an organization-wide policy and practice of discrimination, or 2) a series of related discriminatory acts directed toward an individual. *Fielder v. UAL Corp.*, 218 F.3d 973, 983 (9th Cir.2000). Either way, plaintiff must establish that the discriminatory practice or acts occurred, at least in part, during the limitation period.

Viswanathan fails to provide evidence of any discriminatory act during the limitation period or of a "continuing" relationship between alleged acts. Between early 1994 and early 1995 there was a gap of ten to twelve months during which Viswanathan had no communication with Pyszka. There was no opportunity for discrimination during this time.

Nor is there any evidence of discrimination after Viswanathan graduated from law school. Viswanathan's claims that 1) she was not allowed to interview on campus while other graduates were, and 2) that Pyszka relayed negative information about her to Zimman are completely unsupported by the record. There is no triable issue as to a continuing violation claim.

Accordingly, Viswanathan failed to bring her claim within the period of limitation established by law.

B. Denial of Viswanathan's Rule 56(f) motion.

■ Viswanathan also failed to carry her burden of establishing a nexus between the discovery sought and the dispositive issue of the timeliness of her claims. Viswanathan admitted she had already deposed the "principal witnesses" in the case and failed to explain her cancellation, delay, or continuation of several depositions. Defendants provided Viswanathan ten weeks' notice of their intent to file for summary judgment and the motions were filed ten months after the complaint. Viswanathan had ample time to conduct discovery and failed to show how more time would help her overcome the statute of limitation bar.

C. Discrimination under Title VII and the Unruh Act.

■ Even if Viswanathan's claim had been timely filed, she failed to establish a prima facie case of discrimination. There is no evidence that the Defendants denied Viswanathan referrals for interviews for law firm positions either before or after graduation, nor that she was "tracked" into lesser-paying government positions. It is undisputed that Viswanathan had

eighty-five on-campus interviews with private law firms which were randomly assigned to her without reference to any immutable characteristic or her grades. Viswanathan has failed to provide any evidence that she did not have access to every opportunity afforded other Stanford students and graduates.[3]

D. Attorneys' fees.

■ Attorneys' fees are available under Title VII if the suit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court did not abuse its discretion in awarding the Stanford Defendants $10,000 in attorneys' fees.

Viswanathan not only failed to present any credible evidence of discrimination by the Stanford Defendants, but her own personal knowledge indicated a lack of foundation for her claims. Viswanathan admitted that she was never denied employment referrals by Stanford and conceded that the only employment offers she received in law school were due to Pyszka's efforts on her behalf. The record supports a finding that her claims lacked any factual or legal support.[4]

The amount of attorneys' fees awarded by the district court was reasonable. Taking into account Viswanathan's limited resources and the fees incurred by the Stanford Defendants ($121,732.52 through summary judgment), an award of $10,000 was not an abuse of discretion.

E. Failure to name parties in administrative charges.

■ The failure to name a party in an EEOC charge precludes the possibility of suing under Title VII unless the unnamed party was 1) involved in acts which were the subject of the EEOC charge, or 2) "should have anticipated" that it would be named in a Title VII suit. *Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996). Neither exception absolves Viswanathan's failure to name the Cooley firm and Mr. Zimman in her EEOC claim.[5]

Viswanathan amended her administrative charges on three occasions over a seven month period, however all of her allegations involved actions by Pyszka. In light of Viswanathan's baseless theory on Zimman (and Cooley's) liability,[6] the district court was correct in finding that the latter parties could not have anticipated being named in this lawsuit. The record reveals that Zimman interviewed Viswanathan at the behest of Pyszka and made the

---

3. The Unruh Act, Cal. Civ.Code § 51, requires an intentional denial of equal accommodations, advantages, facilities or services and applies only to "business establishments." Not only has Viswanathan failed to make the requisite showing, but it is self-evident that this claim cannot apply to Ms. Pyszka since she is not a "business establishment."

4. While Viswanathan is pro se in this action, it should be noted that she is a Stanford Law graduate and a member of the California Bar. The reasonableness of her decision to file this lawsuit should be evaluated in light of her professional qualifications.

5. The district court correctly observed that Title VII actions which have been held proper

against "unnamed" parties have involved agents or employees of the party named in the administrative complaint. Here, Cooley and Zimman are independent parties and it would be anomalous to hold that they were "on notice" by virtue of Viswanathan's administrative charges against the Stanford Defendants.

6. Viswanathan claims that 1) Pyszka conveyed negative information about her to Zimman prior to her interview with him, 2) Zimman acted on this negative information by denying her a callback, and 3) Zimman should have known his "participation in the act" would make him amenable to Title VII suit. Notably, Viswanathan does not claim

decision not to offer her a call-back based on Viswanathan's poor interview skills, poor grades, and her failure to take and pass the bar examination. These facts do not constitute participation in a discriminatory act, nor should they have put Zimman and Cooley on notice of a possible lawsuit.

The judgment and award of attorneys' fees is affirmed in all respects. Pursuant to their request and this Court's holding, Stanford Defendants are hereby granted costs and reasonable attorneys' fees incurred in connection with this appeal.

AFFIRMED.

that Zimman conveyed negative information about her to other firms or otherwise engaged in any discriminatory conduct proscribed by law. While Zimman was contacted by the DFEH investigator as a *witness* regarding Vis-

wanathan's charges against Pyszka, it is hard to imagine that he would anticipate being named in a suit based on these unsupported assertions.