**Willette D. JACOBS, Plaintiff— Appellant,**

v.

**LANTERMAN DEVELOPMENTAL CENTER, a public entity; et al., Defendants—Appellees.**

No. 02–56095.

D.C. No. CV–01–08797–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.    R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

#### MEMORANDUM**

■ Willette D. Jacobs appeals pro se orders of the district court vacating the clerk's entry of default and dismissing the complaint. Although the district court did not enter final judgment, we have jurisdiction pursuant to 28 U.S.C. § 1291 because the district court made clear its intent to

** This disposition is not appropriate for publication and may not be cited to or by the

terminate the action. *See Spurlock v. F.B.I.,* 69 F.3d 1010, 1015 (9th Cir.1995). We affirm in part, reverse in part, vacate in part, and remand.

■ We review the district court's decision to set aside the entry of default for an abuse of discretion. *O'Connor v. State of Nevada,* 27 F.3d 357, 364 (9th Cir.1994). Because defendants Flanagan and Manuel timely moved to vacate and had meritorious defenses, the district court's decision to set aside the default was not "clearly wrong." *See id.* Because the Department of Developmental Services and Lanterman Developmental Center timely executed a waiver of service on January 30, 2002, the district court properly vacated the default entered by the clerk on February 12, 2002. *See* Fed.R.Civ.P. 4(d)(3) and 55(c).

We review de novo dismissals pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6). *Arrington v. Wong,* 237 F.3d 1066, 1069 (9th Cir.2001). The district court properly dismissed the Title VII claims against Flanagan and Manuel with prejudice. *See Ortez v. Washington County,* 88 F.3d 804, 808 (9th Cir.1996) (holding that employees cannot be sued in their individual capacities under Title VII).

■ The district court erred by dismissing Jacobs' Title VII claim against the employer as untimely. The date on which a complaint is tendered to the clerk is the operative date for purposes of statutes of limitation. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 281 (9th Cir.1983) (holding "that for purposes of the statute of limitations the district court should regard as 'filed' complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rules.... [A] clerk's refusal to 'file' a complaint should not be controlling for purposes of the statute of limitations."); *accord United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir.1986) (complaint constructively filed when delivered to clerk of court). Jacobs' evidence shows that her complaint was initially received by the district court on Monday, September 17, 2001 but returned for failure to comply with a local rule.[1] We conclude that the Title VII claim was timely because Jacobs submitted her complaint to the district court 94 days after the EEOC mailed her right to sue letter. *See* Fed. R.Civ.P. 6(a) (when the end of a time period for filing a paper in court is a Sunday, the period runs to the next business day); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) (relying on Fed.R.Civ.P. 6(e) to conclude that party received right to sue letter 3 days after mailing); *Ortez*, 88 F.3d at 807 (holding complaint timely where filed 94 days after date of right to sue letter). We therefore reverse the portion of the district court's order filed May 21, 2002 which dismissed the Title VII claims against the Department of Developmental Services and Lanterman Developmental Center.

■ Individual supervisors may be liable for retaliation under California's Fair Employment and Housing Act. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1288 (9th Cir.2001). Nonetheless, these claims were properly dismissed because they are barred by the Eleventh Amendment. *See Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 847 (9th Cir.1999) (order); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir.1997) ("a suit against a state official in his official capacity is no different from a suit against the State itself"). Because the district court dismissed these claims with prejudice, we vacate this portion of the district court's July 5, 2002 order so that it may enter a dismissal without prejudice to refiling in a court of competent jurisdiction. *See Freeman*, 179 F.3d at 847.

■ We reject Jacobs' contention that the district court was required to hold a hearing or oral argument before ruling on defendants' motions. *See* Fed.R.Civ.P. 78; *Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir.1971) (per curiam).

We are unpersuaded by Jacobs' remaining contentions.

We direct the clerk to send a copy of the "Amended Notice of Appeal" received by this court on July 31, 2002 to the district court. The district court shall file the document with the date of July 31, 2002.

**Each side shall bear its own costs on appeal.**

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**

GRABER, Circuit Judge, concurring in part and dissenting in part.

I dissent from the majority's decision to take judicial notice of the evidence that Jacobs submitted concerning the date on which her complaint was received by the district court. First, this evidence was submitted only with the reply brief and

---

**1.** We take judicial notice of the document Jacobs submitted to this court which shows that the district court clerk returned the complaint received on September 17, 2001 for failure to comply with Central District of California Local Rule 83–1.5. *See* Fed.R.Evid. 201(f) (allowing judicial notice to be taken "at any stage of the proceeding"); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir.1995), *rev'd on other grounds*, 520 U.S. 548, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997).

was neither in the record nor in a request for judicial notice as to which Defendants had an opportunity to respond. Second, it is not certain from the face of the document that it is the instant complaint that was filed on September 17, 2001. Instead, I would vacate the dismissal of the Title VII claim against Plaintiff's employer and return the question of timeliness to the district court for further factfinding.

In other respects I concur.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.