Alana K. BULLIS, Plaintiff—
Appellant,

v.

Steve YOUNG; et al., Defendants—
Appellees.

No. 04–35733.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as, provided by Ninth Circuit Rule 36–3.

Submitted March 23, 2005.*

Decided April 4, 2005.

Alana K. Bullis, Dupont, WA, pro se.

Shelly M. Kerslake, Esq., Kenyon Law Firm, Issaquah, WA, John Turner Kugler, Esq., Burgess Fitzer P.S., Tacoma, WA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Alana K. Bullis appeals pro se the district court's order dismissing for failure to state a claim her 42 U.S.C. § 1983 action alleging that City Council members, the mayor, and the city administrator deprived her of her First Amendment rights to peaceably assemble and petition the government for redress of grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir.1996) and a district court's determination regarding qualified immunity, *Elder v. Holloway*, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). We affirm.

The district court properly dismissed Bullis' action because she failed to allege facts establishing that the defendants violated any federal law by refusing to disclose a document believed to be protected by the work product privilege. *See Ortez*,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

88 F.3d at 810 (to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that state action deprived her of a federal constitutional or statutory right).

The district court's September 17, 2004 order denying Bullis' post-judgment motion for leave to amend her complaint was proper, because Bullis filed a notice of appeal from the judgment dismissing her action on August 25, 2004. *See Moore v. Brewster*, 96 F.3d 1240, 1246 (9th Cir.1996) (the filing of a notice of appeal from an appealable order or judgment divests the district court of jurisdiction).

Bullis' remaining contentions lack merit.

AFFIRMED.