**Earnest A. DARDEN, Plaintiff–Appellant,**

v.

**SECURE HORIZONS; et al., Defendants–Appellees.**

No. 06–15133.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earnest A. Darden, Berkeley, CA, pro se.

David M. Hurmiston, Esq., Edward A. Stumpp, Esq., Sedgwick, Detert, Moran & Arnold LLP, Los Angeles, CA, Paul T. Hammerness, Esq., Office of the California Attorney General, San Francisco, CA, Bryan M. Tierney, Esq., Scott E. Murray, Esq., Donnelly & Nelson LLP, Walnut Creek, CA, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Earnest A. Darden appeals pro se from the district court's judgment dismissing for failure to state a claim his action alleging, *inter alia,* civil rights violations in connection with a prostate examination. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir.1996), we affirm.

◼ The district court properly concluded that the majority of Darden's claims against the California Department of Health Services were barred by the Eleventh Amendment. *See Durning v. Citibank, N.A.,* 950 F.2d 1419, 1422–23 (9th Cir.1991). The district court also properly concluded that any Title VI claim based on the 2001 prostate examination was barred by the statute of limitations. *See Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 711–12 (9th Cir.1993) (per curiam) (holding that Title VI claims, like claims under 42 U.S.C. § 1983, are governed by the forum state's statute of limitations for personal injury actions).

◼ Because neither Dr. Unger nor Secure Horizons is a "state actor," the district court properly concluded that Darden failed to state a claim against those defendants under 42 U.S.C. § 1983. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 839–43, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

◼ The district court also properly dismissed Darden's claims under 42 U.S.C. §§ 1985 and 1986 because his conclusory allegations of conspiracy lacked specificity. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988).

◼ The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Darden's state-law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (en banc) (describing factors district court should consider in declining supplemental jurisdiction).

Darden's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.