Carrie Ann MONTERO, Plaintiff,

v.

AGCO CORP., et al., Defendants.

No. CIV. S-96-1920 FCD DAD.

United States District Court,
E.D. California.

Sept. 15, 1998.

David A. Prentice, Catherine L. Manske, McGuire and Prentice, Sacramento, CA, for Plaintiff.

Benton J. Mathis, Jr., Mary Anne Ackourey, Freeman Mathis & Gary, LLP, Atlanta, GA, Jane O'Donnell, Bullivant Houser Bailey, Gold River, CA, for Defendants AGCO and Newmann.

Howard William Bailey, Howard W. Bailey Attorney at Law, Fresno, CA, for Defendant Carpenter.

## MEMORANDUM AND ORDER

DAMRELL, District Judge.

Plaintiff Carrie Ann Montero brings this action alleging she was sexually harassed by supervisory employees, creating a hostile work environment amounting to employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., and various provisions of state law.[1] Defendants AGCO Corporation ("AGCO") and Russ Newmann move for summary judgment. Fed.R.Civ.P. 56.[2]

---

1. In her opposition, plaintiff withdrew her failure to maintain an environment free of harassment claim, and conceded that her retaliation claim should be dismissed. The court will enter summary judgment in favor of defendants as to these claims.

2. Because oral argument will not be of material assistance, the court orders this matter submitted

Defendant Glenn Carpenter joins in the motion. For the reasons stated below, the court grants defendants' motion as to plaintiff's Title VII claim and declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[3]

## BACKGROUND

Plaintiff was employed by AGCO from April 1993 until July 1995, when she resigned. AGCO sells and produces farm equipment and related services, including parts. Plaintiff was employed at AGCO's Parts Distribution Center in Stockton, California. Plaintiff worked in the business office with defendants Glenn Carpenter and Russ Newmann. Carpenter was the Warehouse Manager at the Stockton facility. Newmann is and was at all relevant times the Warehouse Supervisor at the Stockton facility.

Plaintiff contends that shortly after she began her employment with AGCO, Carpenter and Newmann subjected her to a pattern of offensive and unwanted sexual behavior, both verbal and physical, and that AGCO is vicariously liable for their conduct.

At all relevant times, AGCO had a policy against sexual harassment. This policy was set forth in the Employee Handbook ("Handbook") and several internal memoranda. Ex. 9, 10, 11, 12, 13 to Montero Decl. Plaintiff acknowledges receiving the Handbook and at least some of the memoranda. Montero Decl., 22:24–28:15. The Handbook provides in pertinent part: (1) sexual harassment is "unacceptable;" (2) sexual harassment includes "unwelcome sexual advances" and "verbal or physical conduct of a sexual nature" when "such conduct has the purpose or effect of unreasonable interference with an individual's work performance or creating an intimidating, hostile or offensive working environment;" (3) "employees who wish to file a complaint should do so through the Human Resources Department or their supervisors;" (4) "[a]llegations of sexual harassment will be investigated thoroughly;" (5) "[s]ubstantiated acts of sexual harassment will be met with appropriate disciplinary action up to and including termination;" (6) "[a]ll information regarding any specific incident will be kept confidential within the necessary boundaries of the fact-finding process;" and (7) "no reprisals against the employee reporting the allegation of sexual harassment will be tolerated." Ex. 9, p. 8–9.

Plaintiff received and was aware of the policy. Montero Decl., 111:23–112:13. Nevertheless, plaintiff failed to report the alleged harassment until March 16, 1995. On that date, plaintiff contacted Karin Rudin, Human Resources Manager for the Parts Division, in Batavia, Illinois,[4] and complained that she had been sexually harassed and subjected to a hostile work environment. Three days later, on March 19, 1995, Rudin and Jamie Berk, Operations Manager for the Parts Division, traveled from Illinois to Stockton, and on March 20, 1995 began an investigation of plaintiff's complaint. Rudin and Berk first met with plaintiff, plaintiff's father and a family friend. Plaintiff made allegations against Carpenter, Newmann and Robert Weeks, a warehouse employee. At plaintiff's request, she was placed on paid administrative leave for the remainder of the week. Plaintiff was to return to work on March 27, 1995. After meeting with plaintiff, Rudin and Berk met individually with Carpenter, Newmann, Weeks and other AGCO employees. As a result of the investigation, Rudin concluded that certain inappropriate conduct had occurred. On March 27, 1995, Rudin, Berk and Clarence DeYong, a warehouse manager from another facility, traveled to the Stockton facility and met individually with Carpenter, Newmann and Weeks. Carpenter was terminated effective immediately, and Weeks and Newmann were "severely warned . . . that their involvement in any similar situation would subject them to further disciplinary action, including termi-

---

on the briefs. E.D. Cal. Local Rule 78–230(h).

**3.** Because the court does not rely on the declaration of Norbert Hein or any of the evidence objected to by plaintiff in disposing of defendants' motion for summary judgment, the court need not rule on the parties' respective objections thereto.

**4.** AGCO's Parts Division is headquartered in Batavia, Illinois.

nation." Rudin also reviewed AGCO's policy prohibiting sexual harassment with Newmann and Weeks, and prepared a disciplinary memorandum for each of their personnel files setting forth the results of the sexual harassment investigation.

On March 27, 1995, plaintiff contacted Rudin and informed her that, based on the advice of her doctor, she would not be returning to work on that day. Rudin informed plaintiff that (1) her complaint had been thoroughly investigated, (2) appropriate disciplinary action had been taken, (3) every reasonable action had been taken to prevent any further occurrences of an allegedly hostile or offensive work environment, and (4) all employees had been warned that AGCO would not tolerate retaliation against her for complaining of conduct she found inappropriate. Thereafter, plaintiff went on short term disability until on or about July 15, 1995. Plaintiff resigned on July 17, 1995. On July 19, 1995, Rudin wrote plaintiff urging her to reconsider. Rudin informed plaintiff that (1) a new warehouse manager had been hired, (2) the new manager was committed to ensuring all employees were treated fairly and appropriately, (3) no one would retaliate against her, (4) her position would be held open for one week, and (5) if she returned, her employment and service credit would not be interrupted. Plaintiff never responded.

## STANDARD

Summary judgment is appropriate if the record, read in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to the substantive law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment should be entered, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

## ANALYSIS

### 1. Title VII

#### A. AGCO

The Supreme Court recently addressed the issue of supervisory liability in hostile work environment cases.[5] In *Faragher v. City of Boca Raton,* —— U.S. ——, ——, 118 S.Ct. 2275, 2279, 141 L.Ed.2d 662 (1998), the Court held that "an employer is vicariously liable for actionable discrimination caused by a supervisor, but subject to an affirmative defense looking to the reasonableness of the employer's conduct as well as that of the plaintiff victim." More specifically, the Court held:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successfully higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. . . . The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

—— U.S. at —— ——, 118 S.Ct. at 2292–93.

With respect to an affirmative defense, the court further explained:

---

5. The parties dispute whether Carpenter and Newmann actually supervised plaintiff. On summary judgment, disputed facts are construed in favor of the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Thus, for purposes of this motion, the court assumes that Carpenter and Newmann supervised plaintiff.

While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense.

*Id.* at 2293.

██ It is undisputed that AGCO had an antiharassment policy with a complaint procedure, and that plaintiff was aware of the same. Plaintiff, however, contends that she did not report the alleged conduct until March 1995 because she feared retaliation by Carpenter. Plaintiff testified that her fear was based on Carpenter's reaction to other employees who called in sick or were late for work. Montero Decl., 110:24–111:11. Plaintiff also testified that while she understood she could go directly to Rudin with her complaint, she did not believe "it would be kept away from Glenn." Montero Decl., 112:8–9. Plaintiff's explanation is insufficient to justify waiting nearly two years to report the alleged conduct.

AGCO's sexual harassment policy allowed employees to lodge complaints directly with the Human Resources Department, thereby bypassing supervisors such as Carpenter.[6] While Carpenter would undoubtedly learn of plaintiff's allegations during the fact-finding process, the policy expressly stated that information would be kept confidential "within the necessary boundaries of the fact-finding process," and reprisals against the reporting

employee would not be tolerated. Ex. 9, p. 8–9 to Montero Decl. Plaintiff has offered no evidence to support her apparent belief that the policy would not be honored.[7]

AGCO has met its burden of establishing by a preponderance of the evidence that (1) it exercised reasonable care to prevent and correct promptly the sexually harassing behavior, and (2) plaintiff unreasonably failed to take advantage of the preventive and corrective measures provided by AGCO. AGCO exercised reasonable care to prevent sexual harassment by maintaining and distributing a policy prohibiting sexual harassment and by providing a mechanism for employees to report such conduct directly to the Human Resources Department. Moreover, AGCO immediately investigated plaintiff's complaints and acted to correct the same. Conversely, plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by AGCO or to otherwise avoid harm.

Accordingly, summary judgment as to plaintiff's Title VII claim is granted as to AGCO.

### B. Carpenter and Newmann

██ Plaintiff sues defendants Carpenter and Newmann in their individual capacities. Under Title VII, employees cannot be held liable in their individual capacities. *Ortez v. Washington County,* 88 F.3d 804, 808 (9th Cir.1996) (citing *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583 (9th Cir.1993)). Accordingly, summary judgment as to plaintiff's Title VII is granted as to Carpenter and Newmann.

### 2. State Law Claims

██ Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction

---

**6.** In finding the employer could not raise an affirmative defense as a matter of law, the Court in *Faragher* noted that "the City had entirely failed to disseminate its policy against sexual harassment," and "the City's policy did not include any assurance that the harassing supervisors could be bypassed in registering complaints." *Id.* at 2293. Conversely, here it is undisputed that AGCO disseminated its antiharassment policy to its employees, including plain-

tiff, and that its policy provided that complaints could be made directly to the Human Resources Department.

**7.** In fact, the policy was honored. Plaintiff's claims were immediately investigated, plaintiff was not retaliated against, Carpenter was fired and Newmann and Weeks disciplined.

over state law claims. *See Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of economy, convenience, fairness and comity. *Id.* at 1001 (citations omitted). However, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should ordinarily decline to exercise supplemental jurisdiction. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1046 (9th Cir.1994) (citing *Schneider v. TRW Inc.,* 938 F.2d 986, 993 (9th Cir.1991)). While the remaining claims against the defendant arise from the same facts as plaintiff's Title VII claim, the applicable law differs substantially. *See, e.g., Weeks v. Baker & McKenzie,* 63 Cal.App.4th 1128, 1146, 74 Cal.Rptr.2d 510 (1998) (citing Cal. Gov.Code § 12940(h)(1)) (employers are strictly liable under FEHA for damages an employee incurs as a result of a supervisor's sexual harassment); *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55, 66, 67 n. 19, 53 Cal.Rptr.2d 741 (1996) (citing Cal. Gov. Code § 12940(h)(1)) (supervisors can be held individually liable for sexual harassment). Accordingly, the court declines to retain supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(1).

## CONCLUSION

1. Defendants' motion for summary judgement is GRANTED as to plaintiff's failure to maintain an environment free of harassment and retaliation claims.

2. Defendants' motion for summary judgment is GRANTED as to plaintiff's Title VII claims.

3. The court declines to exercise jurisdiction over the remaining state law claims. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

4. The clerk is directed to close this file.

IT IS SO ORDERED.