Alphonso HARRIS, Plaintiff,

v.

Sue FORD and Robert Blaedorm, Defendants.

No. A98–0235 CV (JKS).

United States District Court, D.Alaska.

Jan. 26, 1999.

Alphonso Harris, pro se.

John K. Bodick, Asst. Atty. Gen., Criminal Division, Anchorage, AK, for Defendants.

## AMENDED ORDER

SINGLETON, Chief Judge.

Plaintiff, Alphonso Harris ("Harris"), a state prisoner proceeding *pro se* and *in forma pauperis* (IFP), filed an amended civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. *See* Docket No. 6. On November 16, 1998, the Court issued an Order Directing Service and Response in which it directed the Clerk of Court to issue summonses to defendants Sue Ford and Robert Blaedorm,[1] for the purpose of serving that complaint. *See* Docket No. 17. The State of Alaska, on behalf of defendants,[2] then filed a motion to vacate that Order, on the grounds that the Court failed to identify in writing for defendants the cognizable claims stated in Harris' complaint (*see* Docket No. 18), to which Harris filed a (late) opposition. *See* Docket No. 24. Magistrate Judge Roberts issued an order denying the motion to vacate, which defendants have appealed. *See* Docket Nos. 22, 25, 29.

■ This Court is aware of its duty to screen prisoner complaints pursuant to 28 U.S.C. § 1915A, and has done so in this case. *See, e.g.,* Docket No. 5 at 4–10, Docket No. 11 and Docket No. 16, wherein the Court explained the deficiencies in Harris' complaint, motion for preliminary injunction and motion to transfer/certify his case to the state supreme court, and dismissed the State of Alaska, Department of Corrections from this action. However, the Court is not aware of any duty to do such screening in writing for defendants. Although defendants claim that

---

1. The State of Alaska, including the Department of Corrections, has been dismissed as defendant in this action, with prejudice. *See* Docket No. 11 at 7.

2. Although the State of Alaska is not a defendant to this action, pursuant to Miscellaneous General Order No. 769, the Attorney General for the State of Alaska has been asked to respond to the Court's Order Directing Service and Response. *See* Docket No. 17 at 2–3.

"[p]risoner complaints and claims which are difficult if not impossible to interpret can no longer simply be forwarded to the defendants to figure out" (Docket No. 32 at 4), defendants fail to state which part, if any, of Harris' amended complaint they are having difficulty understanding. For example, Harris contends that being required to register under the State of Alaska's sex offender registration statute for an offense for which he was convicted and sentenced years prior to the enactment of the registration law, has an unconstitutional ex post facto punitive effect on him. *See* Docket No. 6 at 3. The Court is puzzled about what further clarification defendants need in order to respond to this claim.

■ The only problem defendants identify in Harris' complaint is that they claim he failed to exhaust his prison grievance remedies. *See* Docket No 18 at 5–6. Harris states that he has exhausted his **available** remedies. *See* Docket No. 6 at 9; Docket No. 24 at 4. As explained by Magistrate Judge Roberts in his Order at Docket No. 18, the language in the Prison Litigation Reform Act ("PLRA") which qualifies "administrative remedies" with the phrase "as are available," has left room for the courts to decide that the administrative remedies available to a prison litigant are not adequate and cannot, therefore, be exhausted. *See Lunsford v. Jumao-As,* 155 F.3d 1178 (9th Cir.1998); *see also Plasencia v. California,* No. CV 98–0576 DDP, 1998 WL 804713, at *7 (C.D.Cal. Nov.18, 1998) ("The Court finds that 'available remedies' as used in § 1997e(a) limit exhaustion to situations where there is an administrative remedy for the injury suffered by the litigant"); *Baskerville v. Goord,* No. 97 Civ. 6413(BSJ), 1998 WL 778396, at *3, *5 (S.D.N.Y. Nov.5, 1998) ("the PLRA reduced the scope of § 1997e(a) from 'any action' brought by an inmate to only those actions brought by an inmate 'with respect to prison conditions'. . . The Court therefore holds that plaintiff was not required to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) . . . because [his] claim does not relate to prison conditions"). Harris' complaint, as filed, alleges exhaustion sufficient for service of that complaint upon the defendants. If the defendants now wish to argue failure to adequately exhaust, they may do so

in further pleadings and briefings before the Court.

Finally, defendants claim that the "drastic measure" of releasing defendants' (for whom the State Attorney General is not providing representation) home addresses to the United States Marshal for service purposes somehow enters into the legal analysis regarding screening. *See* Docket No. 32 at 4. However, the addresses which are provided to the Marshal for purposes of service are done so confidentially, and are absolutely not released to the prisoner. *See* Docket No. 17 at 3 *("This information shall be maintained as confidential by the United States Marshal and shall not be disclosed other than as necessary to effectuate service of process through the Marshal's office. The information shall not be placed in any files open to the public."*). If a complaint fails to state a claim on its face, such service will not be attempted in the first instance.

· ■ Defendants appear to be taking the position that the Court has inadequately screened prisoner civil rights complaints in all recent cases in which the Court has ordered service and a response. This position borders on the frivolous. *See, e.g.,* Case No. F98–0024 CV (JKS), Docket No. 8 at "3 of 10(D) – 3 of 10(E)" (under the heading "Freedom From Cruel and Unusual Punishment," plaintiff states that "[defendant] then jumped on the lower middle of my back with his left knee and hit me 3 times on the left side of my face then grabed [sic] my face with both hands and started slaming [sic] my head up and down on bunk, then started choking me"). As in the case currently before the Court, the State responded that "[p]risoner complaints and claims which are difficult if not impossible to interpret can no longer simply be forwarded to the defendants to figure out." Case No. F98–0024 CV, Docket No. 34 at 2–3. Again, the Court is puzzled as to what further clarification defendants need in order to respond.

The Court screens all prisoner cases pursuant to its duties under 28 U.S.C. §§ 1915 and 1915A. In fact, the State is not required to respond to the majority of the civil rights cases filed by prisoners in this district. Most are dismissed after screening and before ser-

vice and response is ordered. *See, e.g.,* Case Nos. A98–0002 CV (JKS) (failure to pay fee as ordered, after explanation of deficiencies in IFP order); A98–0004 CV (JWS) (failure to state a claim and frivolous); A98–0034 CV (JWS) (failure to submit amended IFP application or filing fee after deficiencies explained in IFP order); A98–0061 CV (HRH) (failure to state a claim); A98–0077 CV (HRH) (failure to amend IFP application and failure to show exhaustion); A98–0099 CV (JKS) (failure to amend IFP application or pay fee after deficiencies explained in IFP order); A98–0119 CV (HRH) (failure to state a claim and frivolous); A98–0151 CV (JWS) (dismissed for failure to state a claim under § 1915A, although not proceeding IFP); A98–0156 CV (JWS) (dismissed as frivolous under § 1915A, although not proceeding IFP); A98–0191 CV (HRH) (failure to pay fee after deficiencies noted in IFP order); A98–0271 CV (JKS) (failure to state a claim); A98–0288 CV (HRH) (failure to exhaust; reopened after exhaustion, but dismissed for failure to state a claim as to two defendants); J98–0018 CV (JKS) (failure to pay fee after deficiencies explained in IFP order); F98–0028 CV (JWS) (failure to state a claim); A98–0306 CV (HRH) (failure to state a claim). In addition, sometimes cases are voluntarily dismissed, often after an order explaining deficiencies is issued. *See, e.g.,* Case No. A97–0481 CV (JWS), Docket Nos. 5, 6 (voluntarily dismissed after order to show cause).

On November 9, 1998, the Court of Appeals for the Ninth Circuit issued a decision in which it held "that a court can no longer, at its discretion, provide an opportunity for the pro se prisoner-litigant proceeding in forma pauperis to amend deficiencies in his complaint. The PLRA [Prison Litigation Reform Act] provides that a court 'shall dismiss' a complaint or appeal for failure to state a claim and has therefore overruled Ninth Circuit law to the contrary." *Lopez v. Smith,* 160 F.3d 567, 571 (9th Cir.1998). Therefore, the Court is now evaluating complaints as submitted, without leave to amend. Claims which are not cognizable will be dismissed, and those that are sufficient to proceed will do so.

In conducting its review, the Court is mindful that it must liberally construe a *pro se* plaintiff's pleadings and give the plaintiff the benefit of any doubt. *See Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996). *Pro se* litigants are not attorneys and should not be expected to know how to draft pleadings as if they were. Further, Alaska Legal Services Corporation ("ALSC") may no longer represent prisoners, and the Court has been unsuccessful in finding a pool of willing volunteer attorneys to represent indigent prisoners, which relegates prisoners to the position of attempting to represent themselves. *See* Pub.L. No. 104–134, 110 Stat. 1321–55, § 504(d)(15) (April 26, 1996). Therefore, the Court will continue to make some allowances for their status as laypersons attempting to work their way through a complex legal system.

This Court is under no obligation to do detailed screening in writing for defendants. The Court will continue to screen prisoner cases prior to service, and history indicates that defendants will not see most of them. Defendants seem to be taking the position that the Court should act as an attorney rather than as an impartial decision-maker. If the Court in effect briefs the case for or against the prisoner, it loses its mantle of impartiality. Prisoner complaints which are truly "difficult if not impossible to understand," are not served upon defendants. Once the Court determines that a complaint, liberally construed, sufficiently states a cognizable claim, the Court will order service of the complaint (that is, all remaining claims) without further explanation to the remaining defendants. If defendants then wish to make motion for a more definite statement, or a dispositive motion, they are free to do so.

**IT IS HEREBY ORDERED:**

1. The motion, at Docket No. 29, by the State of Alaska to accept its late-filed brief, is GRANTED; and

2. Magistrate Judge Roberts' Order, at Docket No. 22, DENYING defendants' Motion to Vacate Order Directing Service and Response is AFFIRMED.