**Migdia CHINEA–VARELA, a/k/a Migdia C. Varela, Plaintiff–Appellant,**

v.

**COLUMBIA BROADCASTING SYSTEMS, INC., a California corporation; CBS Broadcasting Inc., a New York corporation; Writers Guild of America West, Inc., a California corporation; Frank Pierson, an individual; Jeff Sagansky, an individual; Charles D. Segars, an individual; Brian Walton, an individual, Defendants–Appellees.**

No. 99–56108.

D.C. No. CV–98–10064–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 16, 2001.

---

Crime," 23 A.L.R. Fed. 480 (1975) (Supp.  2000), § 12(h) (collecting cases).

Before PREGERSON, CANBY, and DAVID R. THOMPSON, Circuit Judges.

## MEMORANDUM *

Migdia Chinea–Varela appeals the district court's dismissal of her amended complaint alleging employment discrimination and retaliation against Columbia Broadcasting Systems, Inc. ("CBS"), the Writers Guild of America, West, Inc. ("WGA"), and four named individuals. The district court dismissed her complaint without granting her leave to amend for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and failure to comply with Fed.R.Civ.P. 8. Although Varela twice amended her complaint in response to suggestions by the

* This disposition is not appropriate for publication and may not be cited to or by the courts

defendants, she did not have the opportunity to amend her complaint in response to directions from the court. We reverse in part and affirm in part the district court's dismissal with prejudice.

■ The district court erred by dismissing with prejudice Varela's employment discrimination (disparate treatment and disparate impact) claims against CBS and the WGA under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000a *et seq.* and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–12996. A reading of Varela's second amended complaint suggests that her alleged discrimination claims might be saved by amendment. *See Schneider v. California Dept. of Corr.,* 151 F.3d 1194, 1196 (9th Cir.1998) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

■ We affirm the district court's dismissal with prejudice of the named individuals as defendants in the discrimination and retaliation claims asserted under Title VII. *See Ortez v. Washington County,* 88 F.3d 804, 808 (9th Cir.1996) (holding that employees cannot be sued in their individual capacities under Title VII). We reverse the district court's dismissal, without leave to amend, of Varela's retaliation claims against CBS and WGA under Title VII and the FEHA, as well as the district court's dismissal, without leave to amend, of Varela's retaliation claims asserted against the individual defendants under the FEHA. Varela should have been granted leave to amend, except with regard to her retaliation claim against the individual defendants under Title VII.

We agree with the district court that Varela's verbose, lengthy and convoluted

of this circuit except as may be provided by Ninth Cir. R. 36–3.

complaint violated the requirements of Fed.R.Civ.P. 8(a) that the pleadings shall contain "a short and plain statement" of the case, and Fed.R.Civ.P. 8(e)(1) that "each averment of a pleading shall be simple, concise, and direct." Rather than dismiss with prejudice, however, the district court should have afforded Varela the opportunity to amend her complaint to conform to the directive of Rule 8. *Cf. McHenry v. Renne,* 84 F.3d 1172, 1174—80 (9th Cir.1996) (dismissing with prejudice after the district court provided the plaintiff with three opportunities to amend the complaint in accord with court's specific instructions). We accordingly remand to the district court for further proceedings in conformity with the views herein expressed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each side to bear its own costs.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts