**Migdia CHINEA–VARELA,
a/k/a Migdia C. Varela,
Plaintiff—Appellant,**

v.

**CBS BROADCASTING INC.; et
al., Defendants—Appellees.**

**620**

Migdia Chinea–Varela, a/k/a Migdia
C. Varela, Plaintiff—Appellee,

v.

CBS Broadcasting Inc.; et al.,
Defendants—Appellants,

and

Writers Guild of America, West, Inc.,
a California corporation; et al.,
Defendants.

Nos. 03–55106, 03–55225.

D.C. No. CV–98–10064–JSL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided June 25, 2004.

Scott D. Myer, Myer Law Firm, Beverly
Hills, CA, for Plaintiff–Appellant.

Henry Shields, Jr., Irell & Manella,
LLP, Los Angeles, CA, Kevin T. Baine,
Washington, DC, Anthony R. Segall, Roth-
ner, Segall & Greenstone, Pasadena, CA,
for Defendants–Appellees.

Before McKEOWN, BYBEE, Circuit
Judges, and BREYER, District Judge.*

MEMORANDUM**

Migdia Chinea–Varela filed discrimina-
tion, retaliation, and harassment claims
against CBS Broadcasting, Inc. (CBS),
Writers Guild of America (WGA), and
named defendants Frank Pierson, Brian
Walton, Jeff Sagansky, and Charles Se-

gars pursuant to Title VII, 42 U.S.C.
§ 2000e *et seq.*, and the California Fair
Employment and Housing Act (FEHA),
Cal. Gov't Code § 12940, *et seq.* This is
Varela's second appeal to this court. A
panel of this court agreed with the district
court that her complaint was "verbose,
lengthy and convoluted," in dereliction of
Fed.R.Civ.P. 8(a) and Fed.R.Civ.P. 8(e)(1),
but remanded so that Varela could amend
her complaint. *See Chinea–Varela v. Co-
lumbia Broadcasting Systems, Inc.*, 4 Fed.
Appx. 404, 405–6 (9th Cir.2001). On re-
mand, the district court dismissed with
prejudice Varela's third amended com-
plaint for all of her claims against WGA
and the named defendants. The district
court also dismissed all of Varela's claims
against CBS except for her retaliation
claim. With respect to that claim, the
district court granted summary judgment.

Varela alleged that an affirmative action
trainee program that WGA negotiated and
that CBS executed from 1993 to 1995 dis-
criminated against Hispanic writers on the
basis of their national origin. We agree
with the district court that Varela entirely
failed to demonstrate how the program
had a disparate impact on Hispanic script-
writers, or how it resulted in Varela's be-
ing discriminated against in consideration
for regular staff writing positions at CBS.
*See Atonio v. Wards Cove Packing Co.,
Inc.*, 275 F.3d 797, 800–02 (9th Cir.2001);
*Gay v. Waiters' and Dairy Lunchmen's
Union, Local No. 30*, 694 F.2d 531, 537–38
(9th Cir.1982).

Varela also alleged that the defendants
retaliated against her when she voiced her
objections to the affirmative action pro-
gram. Varela failed to demonstrate how
WGA or any of the named defendants

* The Honorable Charles R. Breyer, United
States District Judge for the Northern District
of California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

retaliated against her where none of them took (or indeed, even could take) adverse employment action against her. The district court properly dismissed these claims. Neither did Varela show, with respect to CBS, that she was rejected for any specific writing positions for which she was qualified at CBS, or that producer Frank Dawson's comment that Varela was labeled a "trouble-maker," was predicated on any adverse employment action taken by CBS. *See Lyons v. England,* 307 F.3d 1092, 1118 (9th Cir.2002). Similarly, Varela failed to demonstrate that Craig Anderson Productions was in any way affiliated with CBS, or that the production company refused to hire Varela at the direction of CBS. *See Morgan v. Safeway Stores, Inc.,* 884 F.2d 1211, 1214 (9th Cir.1989). The district court properly granted summary judgment on this claim.

Varela claimed that the WGA harassed her based on the use of derogatory epithets that were posted on a computer bulletin board system. We affirm the district court's decision to dismiss this claim. The allegedly harassing messages were not pervasive or severe, did not occur in the workplace, were not sent by Varela's employers, supervisors, or colleagues, and did not alter the conditions of Varela's employment or create an abusive working environment. *See Harris v. Forklift Systems Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Varela's allegation that CBS harassed her was also properly dismissed because the facts in the record do not support the claim.

We also affirm the district court's denials of Varela's motions to disqualify Judge Letts, to certify a class action, and for leave to amend her complaint. Finally, we do not reach CBS's cross-appeal on administrative exhaustion because we conclude that the district court's judgment dismissed all of Varela's claims. The judgment is AFFIRMED.